IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL PERRINE, ) | C/A 2:11-1210-RMG-BM |
| Plaintiff, ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| G4S SECURE SOLUTIONS (USA), INC., ) | |
| Defendant. ) | |

This action has been filed by the Plaintiff asserting claims of discrimination and breach of contract against the Defendant, his former employer. The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on June 21, 2011, asserting that Plaintiff had failed to exhaust his administrative remedies with respect to any claims being asserted under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq., and that Plaintiff had failed to state a claim with respect to breach of contract. Plaintiff filed a memorandum in opposition to the Defendant's motion on July 8, 2011, in which he agrees to the dismissal of his First, Third and Fourth Causes of Action, which include his claims asserted under the ADA. However, Plaintiff contests dismissal of his cause of action for beach of contract (Fifth Cause of Action).

Defendant argues in its motion that Plaintiff's breach of contract claim is subject to dismissal "because Plaintiff's Complaint does not contain allegations sufficient to render plausible

1



the existence of any employment other than employment terminable at will", and that "Plaintiff fails to plead any of the material elements of the purported employment contract upon which he is suing, as required by South Carolina law."  Plaintiff alleges in his Complaint that he was hired by the Defendant as a custom protection officer on or about October 30, 2007.  Plaintiff alleges that he and the Defendant "entered into a contract whereby [Defendant] agreed to employ the Plaintiff at Defendant's facility located in Moncks Corner, County of Berkeley, State of South Carolina".  Complaint, at ¶ 44.  Plaintiff further alleges that he was diagnosed with post traumatic stress disorder (PTSD) after leaving the military, and that he had to "miss work from time to time for various problems related to his [PTSD]".  Complaint, at ¶¶ 8, 13.  Plaintiff alleges that the Defendant began requiring him to work under conditions which exacerbates his PTSD, and that Plaintiff also noticed many safety violations which he reported to management.  Plaintiff alleges that in March 2010 the Defendant made unsupported job deficiency claims against him, and that this adverse treatment continued until in or about June 2010, when the Defendant wrongfully terminated Plaintiff's employment, "breaching the contract of employment between the Plaintiff and the Defendant."  Complaint, at ¶¶ 19, 45.  Plaintiff seeks monetary damages.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff.  The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Plaintiff argues in his opposition memorandum that he has set forth sufficient allegations to state a breach of contract claim.  However, after careful review and consideration of Plaintiff's allegations under the



applicable standard, the undersigned is constrained to agree with the Defendant that Plaintiff has not set forth sufficient factual allegations to establish a plausible claim for breach of contract.

The necessary elements of a contract are an offer, acceptance, and valuable consideration. <u>Roberts v. Gaskins</u>, 486 S.E.2d 771, 773 (S.C. 1997), citing <u>Carolina Amusement Co., Inc. v. Connecticut Nat'l Life Ins., Co.</u>, 437 S.E.2d 122 (S.C. Ct. App. 1993). With respect to employment, however, there is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . ." <u>Amason v. P. K. Management, LLC</u>, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); <u>see</u> <u>also</u> <u>Prescott v. Farmer's Tel. Co-Op., Inc.</u>, 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment']. Here, Plaintiff has only alleged in very general and conclusory terms that he and the Defendant "entered into a contract" of employment, which the Defendant thereafter breached. No factual allegations concerning how an employment contract was created are provided. <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; <u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

In his response memorandum, Plaintiff argues that "[c]ourts have concluded that under certain circumstances, an employer's handbook or policy manual can be treated as a contract, displacing employment at-will and permitting employees to sue for breach of contract." <u>Plaintiff's</u>



Memorandum, p. 3. However, while Plaintiff is correct that an employer can alter an employee's at-will status through mandatory language in a handbook; cf. Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C.Ct.App. 2006); Plaintiff has set forth no such claim in the allegations of his Complaint. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Rather, "Plaintiff's Complaint merely sets forth labels and conclusions, and a formulaic recitation of the elements of a cause of action, which the Supreme Court has made clear will no longer suffice." Amazon, 2011 WL 1100169, at * 6; see also Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)[To survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"].

In sum, since Plaintiff has failed to plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship, the Defendant is entitled to dismissal of this cause of action. Amazon, 2011 WL 1100169, at * 6; cf. Williams v. Intier Automotive Interiors of America, Inc., No. 09-1144, 2010 WL 5811848 (D.S.C. Nov. 5 2010); see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as



true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

## Conclusion

Plaintiff has consented to the dismissal of his First, Third and Fourth Causes of Action.  Based on the foregoing, it is also recommended that the Defendant's motion to dismiss Plaintiff's Fifth Cause of Action for beach of contract be **granted.**  If the Court adopts this Recommendation, Plaintiff's Second Cause of Action asserting a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., will be the only cause of action remaining in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 20, 2011
Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).