IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Perrine, ) | |
| ) | |
| Plaintiff, ) | C/A 2:11-1210-RMG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| G4S Secure Solutions (USA), Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action has been filed by the Plaintiff asserting claims of discrimination and breach of contract against the Defendant, his former employer. The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on June 21, 2011, asserting that Plaintiff had failed to exhaust his administrative remedies with respect to any claims being asserted under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq., and that Plaintiff had failed to state a claim with respect to breach of contract. Plaintiff filed a memorandum in opposition to the Defendant's motion on July 8, 2011, in which he agrees to the dismissal of his First, Third and Fourth Causes of Action, which include his claims asserted under the ADA. However, Plaintiff contests dismissal of his cause of action for beach of contract (Fifth Cause of Action).

Accordingly, before the Court is Defendant's motion to dismiss the Fifth Cause of Action in Plaintiff's Complaint alleging breach of contract. (Dkt. No. 7). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On July 20, 2011, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss for failure to state a claim be granted. (Dkt. No. 12). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and

1

Recommendation and the serious consequences if they failed to do so. Plaintiff has failed to object to the Report. As explained herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter for any errors of law, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court agrees with the conclusions of the Magistrate Judge. Here, Plaintiff has not set forth sufficient factual allegations to establish a plausible claim for breach of contract. When considering a Rule 12 motion to dismiss, the motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Further, in regards to employment, there is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . ." *Amason v. P.K. Management, LLC*,

No. 10-1752, 2011 WL 1100169, at *6 (D.S.C. Mar. 23, 2011); *See also Prescott v. Farmer's Tel. Co-Op.*, Inc. 516 S.E.2d 923, 927, n.8 (S.C. 1999) (In South Carolina, "there is a presumption of at-will employment"). In this case, Plaintiff has only alleged in very general and conclusory terms that he and Defendant "entered into a contract" of employment in which Defendant breached. Plaintiff has failed to set forth sufficient factual allegations to establish a plausible claim for breach of contract and that an employment contract beyond the at-will relationship existed.

While the Court is aware that an employer can alter an employee's at-will status through mandatory language in an employer's handbook or policy manual; *cf. Grant v. Mount Vernon Mills, Inc.*, 634 S.E.2d 15, 20 (S.C.Ct.App. 2006); Plaintiff has failed to plead such claim in the allegations of his Complaint. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) (Plaintiff has burden of alleging facts sufficient to state all the elements of a claim).

Thus, the Defendant is entitled to dismissal of this action due to Plaintiff's failure to plead sufficient factual allegations that establish the existence of an employment contract beyond the at-will relationship. *Amason*, 2011 1100169 at *6; *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level").

Accordingly, the Court adopts the Report and Recommendation by reference in this Order. (Dkt. No. 12). Therefore, having thoroughly considered the parties' written submissions in light of the standard set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), Defendant's motion to dismiss for failure to state a claim must be **GRANTED** with respect to the Fifth Cause of Action. Moreover, Plaintiff has consented to the dismissal of his First, Third and Fourth Causes

of Action and, therefore, Plaintiff's Second Cause of Action asserting a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., will be the only cause of action remaining in this case.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August  9 , 2011
Charleston, South Carolina